**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILSON DANIEL CALDERON-MORENO,<br><br>        Petitioner,<br><br>  v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>        Respondent. | No. 14-72050<br><br>Agency No. A089-842-022<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Wilson Daniel Calderon-Moreno, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we review de novo due process claims, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny the petition for review.

We reject Calderon-Moreno's contention that the BIA erred in streamlining his case because the BIA did not streamline his case. We also reject Calderon-Moreno's contention that the BIA failed to provide a reasoned explanation for its decision. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to establish a due process violation).

Substantial evidence supports the agency's determination that Calderon-Moreno failed to establish that the Honduran government was or will be unable or unwilling to protect him. *See Castro-Martinez v. Holder*, 674 F.3d 1073, 1081-82 (9th Cir. 2011). Thus, we deny the petition as to his asylum and withholding of removal claims. *See id*. at 1082.

Substantial evidence also supports the agency's denial of CAT relief because Calderon-Moreno failed to demonstrate it is more likely than not he would be tortured at the instigation of or with the acquiescence of the Honduran government if returned. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**